IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOE L. GARRISON,<br>TDCJ No. 2097855,<br><br>      Petitioner,<br><br>V.<br><br>DIRECTOR, TDCJ-CID,<br><br>      Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:23-cv-2191-X-BN |
| JOE L. GARRISON,<br>TDCJ No. 2097855,<br><br>      Petitioner,<br><br>V.<br><br>DIRECTOR, TDCJ-CID,<br><br>      Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:24-cv-276-E-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Texas prisoner Joe L. Garrison, proceeding *pro se*, mailed multiple indecipherable pages to the United States District Court for the Eastern District of Washington. *See Garrison v. Dir., TDCJ-CID*, No. 3:23-cv-2191-X-BN (N.D. Tex.) ("*Garrison I*"), Dkt. No. 1. The Eastern District of Washington construed Garrison's submission as an application for a writ of habeas corpus under 28 U.S.C. § 2254 and transferred it to this district. *See Garrison I*, Dkt. No. 3. United States District Judge Brantley Starr then referred Garrison's case to the undersigned United States

magistrate judge for pretrial management under 28 U.S.C. § 636(b).

While Garrison was incarcerated at TDCJ's Clements Unit, in Brazoria County, within the Galveston Division of the Southern District of Texas, *see* 28 U.S.C. § 124(b)(1), when he filed *Garrison I*, Garrison was most recently convicted of aggravated assault in Dallas County, *see Garrison I*, Dkt. No. 1 at 3 (referencing F14-76338-P).

So, insofar as Garrison sought to challenge a conviction and sentence entered by a state court in this district, the undersigned found that jurisdiction would be plausible and entered the following order on October 10, 2023:

> To the extent that Garrison does seek habeas relief under Section 2254, his application is not filed on the appropriate form and is difficult to read, such that the undersigned cannot determine a basis for any habeas relief that Garrison may seek.
> Under the applicable rules, in addition to being "printed, typewritten, or legibly handwritten," RULE 2(c)(4), RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS (emphasis added), "the petition for a writ of habeas corpus must 'state the facts supporting each ground' raised." *Burris v. Director, TDCJ-CID*, No. 6:15cv1130, 2018 WL 7108081, at *3 (E.D. Tex. Oct. 11, 2018), *rec. adopted*, 2019 WL 291983 (E.D. Tex. Jan. 23, 2019) (citation omitted); *see* RULES 2(c)(2) & 1(b), RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS; *see also Taylor v. Maggio*, 581 F. Supp. 359, 363 (E.D. La. 1984) ("In order to avoid summary dismissal the petition must set out specific, substantive facts that enable the Court to determine that there is a real possibility that constitutional error has been committed." (citation omitted)).
> Garrison also has not paid the filing fee or moved for leave to proceed *in forma pauperis*.
> **The following deficiencies are therefore present:**
> ( ) Signature of the attorney of record or each party proceeding pro se is required on each pleading, motion or other paper filed by that party. (See Federal Rule of Civil Procedure 11).
> Petitioner must submit a new and properly signed: ( ) petition; ( ) request to proceed *in forma pauperis*.
> (**X**) A filing fee has not been paid nor has a request to proceed

> *in forma pauperis* been submitted.
> ( ) The submitted request to proceed *in forma pauperis* provides insufficient information to determine whether in forma pauperis status is appropriate. **Certificate of inmate trust account required.**
> (**X**) Habeas corpus pleadings are not filed on the appropriate form.
> **The Clerk of the Court shall take the following indicated action:**
> (**X**) A true copy of this order shall be mailed to each Petitioner or Petitioner's attorney of record. No further process shall issue except upon further order of the Court.
> (**X**) A form application to proceed *in forma pauperis* – prisoner shall be mailed to Petitioner.
> (**X**) A form petition for habeas corpus relief shall be mailed to Petitioner.
> It is hereby ORDERED that Garrison must cure each deficiency noted above by **November 10, 2023**.
> Failure to timely comply with this order will result in a recommendation that this action be dismissed.

*Garrison I*, Dkt. No. 8.

Garrison did not re-file any habeas claims on the proper form by November 10. He instead filed more indecipherable pages in *Garrison I. See Garrison I*, Dkt. Nos. 9 & 10. And he again sent more indecipherable pages to the Eastern District of Washington – including an annotated copy of the October 10 order entered in *Garrison I* – which prompted the district court in Washington to again construe Garrison's submissions as an application for a writ of habeas corpus under Section 2254 and transfer the construed habeas petition to this district. *See Garrison v. Dir., TDCJ-CID*, No. 3:24-cv-276-E-BN (N.D. Tex.) ("*Garrison II*").

And United States District Judge Ada Brown referred *Garrison II* to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that, under the circumstances here and for the reasons set out below, the Court should dismiss any federal habeas challenge made in both cases with prejudice under Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rule 4").

## Discussion

Habeas Rule 4 allows a district court to summarily dismiss a habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*; *see also Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) ("This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under [Habeas] Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in 'the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.'" (citation omitted)).

While the undersigned finds that there is no need for a response here, these findings, conclusions, and recommendation provide Garrison notice that both petitions are subject to summary dismissal, and the opportunity to file objections (as further explained below) provides him the ability to explain why they should not be summarily dismissed.

Relief under Section 2254 is limited to claims that, if successful, will result in

speedier release from custody. *See Poree v. Collins*, 866 F.3d 235, 243 (5th Cir. 2017) ("[C]hallenges to the fact or duration of confinement are properly brought under habeas." (footnote omitted)); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *see also Tamayo v. Perry*, 553 F. App'x 395, 400 (5th Cir. 2014) (per curiam) ("[T]he principle that the only action available to a prisoner to challenge any aspect of his conviction or sentence was the habeas process under 28 U.S.C. § 2254 and related statutes" "[a]rguably no longer applies in cases … that do not directly challenge the conviction but instead challenge something that does not 'necessarily imply the unlawfulness of the State's custody.'" (quoting *Skinner v. Switzer*, 562 U.S. 521, 525 (2011))).

Regardless of what Garrison's grounds for relief may be, he has failed to set out specific and substantive facts to support each ground raised and has thus failed to "enable the Court to determine that there is a real possibility that constitutional error has been committed." *Taylor*, 581 F. Supp. at 363 (citation omitted).

So, to the extent that he does assert claims under Section 2254, Garrison has not carried his burden to avoid summary dismissal of those claims.

**Recommendation**

The Court should summarily dismiss the construed applications for a writ of habeas corpus.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 7, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE